LOT OF LEAF TOBACCO (UNITED STATES v.). See Case No. 15.627.

LOTRIDGE (UNITED STATES v.). See Case No. 15,628.

## Case No. 8,521.

### LOTTIMER et al. v. LAWRENCE.

[1 Blatchf. 613.] [1]

Circuit Court, S. D. New York. Oct. Term, 1850.

CUSTOMS DUTIES—ACT OF 1846—THREAD-LACE—REPEAL ACT 1842.

1. Thread-lace, made wholly by machinery, composed of linen and cotton, first introduced into this country since the tariff act of July 30, 1846 (9 Stat. 42), took effect, and invoiced and known in trade as thread-lace, falls under the head of "thread-laces" in Schedule E, and is subject to a duty of 20 per cent. ad valorem.

[Cited in Benziger v. Robertson, 122 U. S. 213, 7 Sup. Ct. 1171.]

2. The 20th section of the tariff act of August 30, 1842,—5 Stat. 565.—although not repealed by the act of 1846,—see Morlot v. Lawrence [Case No. 9,815].—applies only in cases where an article has not been specially provided for by the act of 1846.

[Cited in U. S. v. United States Tel. Co., Case No. 16,603.]

This was an action against [Cornelius W. Lawrence] the collector of the port of New-York, to recover back an excess of duties paid by the plaintiffs [William Lottimer and Alfred Large,] on an article invoiced as thread-lace, and made wholly by machinery. The plaintiffs claimed that it was chargeable with duty of 20 per cent. ad valorem under Schedule E of the tariff act of July 30, 1846 (9 Stat. 47) as falling under the head of "thread-laces." The duty charged was 25 per cent. ad valorem under Schedule D. The facts of the case and the ground taken by the defendant appear by the opinion of the court. A verdict was taken for the plaintiffs, subject to the opinion of the court on a case to be made.

Elias H. Ely, for plaintiffs.

J. Prescott Hall, Dist. Atty., for defendant.

NELSON, Circuit Justice. It is admitted that the article in question in this case is composed of linen and cotton, and it is supposed, therefore, by the defendant, that it comes within the enumeration in Schedule D of the act of 1846 of "manufactures composed wholly of cotton, not otherwise provided for," when that is taken in connection with a clause in the twentieth section of the act of August 30, 1842 (5 Stat. 565). That section provides, that "on all articles manufactured from two or more materials, the duty shall be assessed at the highest rates at which any of its component parts may be chargeable.

We have already decided at this term, in the case of Morlot v. Lawrence [supra], that this twentieth section of the act of 1842 is still in force, not having been repealed, either directly or by necessary implication, by the

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

act of 1846. But the evidence in this case shows, and it was conceded on the trial, that the article in question here was first introduced into the country since the act of 1846 took effect; and that it is invoiced, and has always been known in the trade, under the denomination of thread-lace. That being so, it falls directly within the description of "thread-laces" in Schedule E.

The goods, then, coming within the list of articles enumerated in that schedule, the case is not one that can be aided by the twentieth section of the act of 1842; because, that section applies only in cases where the article in question has not been otherwise provided for. If it has been specially provided for, that excludes any constructive designation by operation of the twentieth section. Judgment for plaintiffs.